Robert J. De Groot, Esq.
Attorney I.D. 28235-1972
56 Park Pl.
Newark, N.J. 07102
(973) 643-1930

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------x
KRISTINE BRENNAN,                :
                                 :
        Plaintiff,               :   **COMPLAINT**
                                 :
Vs.                              :
                                 :
                                 :
NCL Corporation Ltd.,            :
John Does 1-3,                   :
XYZ Corporation 1-3,             :
                                 :
        Defendant.               :
                                 :
-------------------------x

KRISTINE BRENNAN, by and through her Attorney, Robert J. De Groot, Esq., by way of Complaint, hereby alleges the following:

**PARTIES**

1. Kristine Brennan (hereinafter "Plaintiff") is a resident of the State of New Jersey, Township of Middletown.

2. NCL Corporation (hereinafter "Defendant") is a corporation with its corporate headquarters in Miami, Florida.

3. John Does, 1-2, whose identities are unknown, are employees of Defendant, who worked on Board a Norwegian Cruise Line ship on September 24, 2015.

4. John Doe, 3, is an independent contractor contracted to work for the Defendant on board a Norwegian Cruise Line ship, "The Breakaway," on September 24, 2015.

5. XYZ Corp., 1-3, is an entity contracted by the Defendant to provide services on Board its Norwegian Cruise Line ship, "The Breakaway," on September 24, 2015.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff was a passenger on board a cruise ship, the "Breakaway," operated by the Defendant, on September 24, 2015.

7. As the Plaintiff was walking toward the cafeteria on Deck 15, she slipped on the wet floor, sustaining a torn meniscus and ACL.

8. Near the location where the Plaintiff slipped, is an indoor shower.

9. Three employees of the Defendant witnessed the accident.

10. The Plaintiff subsequently went to the ship's hospital for treatment.

## Basis of Jurisdiction

11. The District Court has jurisdiction in this matter due to diversity of citizenship between the parties and the damages in this controversy exceeding $75,000.00 pursuant to 28 U.S.C. 1332.

## COUNT i- Negligence

12. Plaintiff repeats and re-alleges the previous allegations as if fully stated herein.

13. The Defendant had a duty to ensure that its ship's interior pathways were safe to walk on.

14. The Defendant breached its duty by failing to ensure that the pathway was free from water and not slippery.

15. As a result of Defendant's breach of duty, the Plaintiff fell and sustained serious injuries.

**The Plaintiff hereby demands Judgment for compensatory damages, attorney fees and costs, and other relief that the Court deems fit.**

### Count II- Supervisory Negligence

16. The Plaintiff repeats and re-alleges the allegations as if fully stated herein.

17. Defendant had a duty to supervise John Does 1-2 and ensure that they properly maintained the pathways of the Breakaway Ship.

18. The Defendant breached its duty to properly supervise John Does 1-2, thereby creating a condition of wet pathways that caused the Plaintiff to fall and sustain serious injuries.

**The Plaintiff hereby demands Judgment for compensatory damages, attorney fees and costs, and other relief that the Court deems fit.**

### Count III Supervisory Negligence.

19. The Plaintiff repeats and re-alleges the allegations as if fully stated herein.

20. Defendant had a duty to supervise John Does 3 and ensure that they properly maintained the pathways of the Breakaway Ship.

21. The Defendant breached its duty to properly supervise

John Does 3, thereby creating a condition of wet pathways that caused the Plaintiff to fall and sustain serious injuries.

**The Plaintiff hereby demands Judgment for compensatory damages, attorney fees and costs, and other relief that the Court deems fit.**

### COUNT IV- Supervisory Negligence

22. The Plaintiff repeats and re-alleges the allegations as if fully stated herein.

23. Defendant had a duty to supervise XYZ Corp., 1-3 and ensure that it properly maintained the pathways of the Breakaway Ship.

24. The Defendant breached its duty to properly supervise XYX Corp., 1-3,, thereby creating a condition of wet pathways that caused the Plaintiff to fall and sustain serious injuries.

**The Plaintiff hereby demands Judgment for compensatory damages, attorney fees and costs, and other relief that the Court deems fit.**

### COUNT V- Negligence

25. The Plaintiff repeats and re-alleges the allegations as if fully stated herein.

26. John Does 1-3 had a duty to maintain the pathways of the Breakaway Ship.

27. John Does 1-3 breached their duty when they failed to keep the pathways clear of water, thereby creating a condition of wet pathways that caused the Plaintiff to fall and sustain serious injuries.

The Plaintiff hereby demands Judgment for compensatory damages, attorney fees and costs, and other relief that the Court deems fit.

### Count VI- Negligence

28. The Plaintiff repeats and re-alleges the allegations as if fully stated herein.

29. XYZ CORP. 1-3 had a duty to maintain the pathways of the Breakaway Ship.

30. XYZ CORP.1-3 breached their duty when they failed to keep the pathways clear of water, thereby creating a condition of wet pathways that caused the Plaintiff to sustain serious injuries.

The Plaintiff hereby demands Judgment for compensatory damages, attorney fees and costs, and other relief that the Court deems fit.

By: Robert J. De Groot, Esq.

Date: September 25, 2016

## JURY DEMAND

The Plaintiff hereby demands a trial by jury as to the issues in this case.

By:  Robert J. De Groot, Esq.

Date:  September 25, 2016

## DESIGNATION OF TRIAL COUNSEL

Robert J. De Groot, Esq., is hereby designated as trial counsel in the within matter.

By:  Robert J. De Groot, Esq.

Date:  September 25, 2016

## CERTIFICATION

Robert J. De Groot, Esq., hereby certifies that there are no pending matters in any court or arbitration and does not know of nor expect to add any additional parties in this matter.

By: Robert J. De Groot, Esq.

Date: September 25, 2016